UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

       Plaintiff,

v.                                      Case No. 2:02-cv-196
                                        HON. DAVID W. MCKEAGUE

BARBARA BOUCHARD, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

       Plaintiff Gregory A. Figel, an inmate at the Alger Maximum Correctional Facility (LMF), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants Barbara Bouchard, J. Rankin, B. Hursh, and Nurse Unknown Whitmyer, a/k/a Unknown Thompson. Plaintiff alleges in his original complaint that he was confined to a cell that had no heat or ventilation for a period of six months. Plaintiff claims that defendants then retaliated against him for complaining about the lack of heat by making him spend three months in the cell with temperatures reaching 80 to 90 degrees on a daily basis. Grievance responses indicated that there was a problem with the ventilation system in plaintiff's unit that was fixed and that there was a specific problem with plaintiff's cell that was addressed after plaintiff made complaints. A damper was found closed. It was fixed and parts were ordered to address the problem. The grievance response stated that problems with ventilation are addressed on an individual basis. Plaintiff is convinced that he had heating and ventilation problems in his cell because he has filed lawsuits in the past and is considered a "jailhouse lawyer." Plaintiff believes that defendants retaliated against him by disrupting the heating and ventilation system. Plaintiff has made allegations against additional

defendants in an amended complaint, asserting that he was denied medical care and treatment. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

This court originally dismissed plaintiff's complaint for failure to exhaust administrative grievance remedies. The Sixth Circuit vacated the dismissal and remanded the case for further proceedings. Plaintiff amended his complaint and added defendants Nancy Blackford, Badawi Abdellatif and Sandra Moore. The court dismissed defendants Bouchard, Rankin, Thompson and Whitmyer from this action on December 13, 2004.

The remaining defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Hursh moves for summary judgment for lack of personal involvement. Defendant Hursh acted as the Step I grievance respondent.  Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

- 3 -

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990). Similarly, the act of merely responding to a grievance is an insufficient basis to impose liability on a corrections official. Defendant Hursh was not personally involved in the alleged improper conduct. Accordingly, it is recommended that defendant Hursh be dismissed from this case.

Plaintiff further asserts that he was denied immediate medical care for his health problems associated with inadequate ventilation. Plaintiff complained that a burning smell caused him health problems and that defendants Blackford, Monroe and Dr. Abdellatif refused to provide him medical care. Plaintiff frequently presented himself for medical care for sinus complaints and headaches. Plaintiff was seen by medical staff and treated on a regular basis.

The Supreme Court has held that deliberate indifference to a prisoner's serious illness or injury states a violation of the Eighth Amendment's "cruel and unusual punishments" clause because it constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, not every claim by an inmate of inadequate medical treatment rises to the level of an Eighth Amendment violation.

The standard by which such claims are judged involves two elements: the plaintiff's medical need must be "serious," and the plaintiff must show that the defendants were "deliberately indifferent" to that need. "Because society does not expect that prisoners will have unqualified

access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1 (1992); *see also Wilson v. Seiter*, 501 U.S. 294 (1991).

"Deliberate indifference" requires an intentional effort to deny or ignore Plaintiff's need for medical care. *Estelle*, 429 U.S. at 105; *see also*, *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Harding v. Kuhlmann*, 588 F. Supp. 1315 (S.D. N.Y. 1984), *aff'd*, 762 F.2d 990 (2d Cir. 1985). Thus injury resulting from mere negligent conduct is insufficient to state an Eighth Amendment claim under Section 1983. *Estelle* 429 U.S. at 105; *see also Daniels v. Williams*, 474 U.S. 327, 333 (1986). Rather, the official's conduct "must demonstrate deliberateness tantamount to an intent to punish." *Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993).

Complaints that the doctor did not prescribe a specific medication or should have ordered specific tests or negligently failed to provide adequate medical care may state a claim for malpractice under state law but do not state a claim that an inmate's federal rights have been violated. *See Williams v. Duckworth*, 598 F. Supp. 9, 13-15 (N.D. Ind. 1983), *aff'd without opinion*, 749 F.2d 34 (7th Cir. 1984). In *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), cited in *Estelle*, the Sixth Circuit remarked:

> Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* at 860, n. 5.

In addition, the Sixth Circuit recently observed:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim

- 5 -

> is a prisoner.  In order to state a cognizable claim, a prisoner must
> allege acts or omissions sufficiently harmful to evidence deliberate
> indifference to serious medical needs.  It is only such indifference
> that can offend "evolving standards of decency" in violation of the
> Eighth Amendment.

*Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. at 105-06).

Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-155 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).  This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering.  *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. April 4, 1997).

The Sixth Circuit has held that failure to check a prisoner's medical history before treating him does not necessarily rise to the level of "deliberate indifference" for purposes of an Eighth Amendment violation.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-155 (6th Cir. 1995).

> The Supreme Court recently clarified the definition of deliberate
> indifference in the Eighth Amendment context by equating it with
> criminal recklessness, which requires a subjective showing that the
> defendant was aware of the risk of harm. *Farmer v. Brennan*, 114 S.
> Ct. 1970, 1979 (1994).  Deliberate indifference, the Court held,
> requires that "the official must both be aware of facts from which the
> inference could be drawn that a substantial risk of serious harm
> exists, and he must also draw the inference." *Id.*; *Brooks v. Celeste*,
> 39 F.3d 125, 128-29 (6th Cir. 1994).  The *Farmer* Court added that
> "prison officials who actually knew of a substantial risk to inmate
> health or safety may be found free from liability if they responded
> reasonably to the risk, even if harm ultimately was not averted.
> *Farmer*, 114 S. Ct. at 1982-83.

*Sanderfer*, 62 F.3d at 154-155.

As the court in *Estelle v. Gamble* explained, medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  *Id*. at 106.  Plaintiff has not shown

- 6 -

that he suffered with a serious medical need.  Most importantly, the medical records show that plaintiff has received constant and frequent medical treatment for his complaints.  Plaintiff has failed to show that defendants denied him medical treatment for a serious medical need.

Accordingly, it is recommended that defendants' motions for summary judgment (Docket ## 82, 110 and 122) be granted, dismissing plaintiff's complaint in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $255 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  June 29, 2005