UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

       Plaintiff,

v.                                          Case No. 2:02-cv-196
                                          HON. R. ALLAN EDGAR

BARBARA BOUCHARD, et al.,

       Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action.  The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff.  In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.  The Court now finds the objections to be without merit.

       Plaintiff asserts that he objects to the Report and Recommendation and relies upon his responses to defendants' motions for summary judgment.  Plaintiff failed to make any specific objections to the recommendations.  Plaintiff's general and nonspecific objections are equivalent to a complete failure to object.  *Martin v. Labelle*, 7 Fed. Appx. 492 (6th Cir. 2001); *Cole v. Yukins*, 7 Fed. Appx. 354 (6th Cir. 2001).

       Plaintiff's only specific objections are that the Report failed to consider his alleged exposure to second hand smoke, retaliation and his due process claims.  Plaintiff's attempt to

reinstate defendants into this action that had previously been dismissed by the court lacks merit. Defendant Hursh is entitled to dismissal for lack of personal involvement.  Plaintiff's Eighth Amendment claims fail against defendants Blackford, Monroe and Dr. Abdellatif.  Plaintiff has failed to show that these defendants were involved in his second hand smoke, retaliation or due process claims, or that these defendants took any action which could have violated plaintiff's rights.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

Dated:____8/26/05_____          _____*/s/ R. Allan Edgar*_____
                                     R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE